IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN F. SHEA, ESQUIRE, <br> 8730 Georgia Avenue, Suite B100 <br> Silver Spring, MD 20910, <br><br> Plaintiff, <br> v. <br><br> MARTIN O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | * <br> * <br> * <br> * <br> * Civil Action No. <br> * <br> * |

## COMPLAINT

Comes now the Plaintiff, Stephen F. Shea, Esquire, in proper person, and sues the Defendant, Martin O'Malley, Commissioner of the Social Security Administration, and in support thereof states:

1. The Plaintiff seeks to compel payment of unpaid attorney fees by the Defendant, the Commissioner of Social Security Administration, relating to the Plaintiff's representation of Claimants for Disability Insurance Benefits and Supplemental Security Income Benefits.

### Jurisdiction

2. Jurisdiction is appropriate pursuant to 28 U.S.C.. §1331, 28 U.S.C.§1361, and the Social Security Act, 42 U.S.C. § 406.

### Parties

3. The Plaintiff is an attorney whose law office is located in Montgomery County, Maryland.

4. Martin O'Malley is the Commissioner of Social Security.

### Cause of Action

5. The Plaintiff has successfully prosecuted Social Security Disability Insurance Benefits and Supplemental Security Income Benefits claims on behalf of the Claimants identified in Exhibit

1.

6. The attorney's fees in these claims, which were to be withheld from the Claimants' back awards and paid by the Defendant to the Plaintiff, remain unpaid by the Social Security Administration.

7. A list of the Claimants whom the Plaintiff has represented, and whose attorney's fees remain to be calculated, and/or to be paid by the Defendant, is attached hereto as Exhibit 1.

8. The Defendant has an unambiguous and nondiscretionary duty under the Social Security Act to fix a reasonable fee, to certify the fee for payment out of the Claimant's past-due benefits awarded, and to pay the authorized fees to the Plaintiff, in accordance with 42 U.S.C.A. § 406, which provides, in part:

> (1) The Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for service performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void.  Except as provided in paragraph 2(A), ***whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim,  fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed*** by him in connection with such claim.
>
> \* \* \* \*
>
> (4) Subject to section (d) of this section, if the claimant is determined to be entitled to past-due benefits under the subchapter and the person representing the claimant is an attorney, ***the Commissioner of Social Security shall, notwithstanding section 405(i) of this title, certify for  payment of out of such past-due benefits*** . . . ***to such attorney*** and amount equal to so much of the maximum fees as does not exceed 25 percent of such past-due benefits. . .

(Emphasis added).

9. Pursuant to 42 U.S.C. § 406 and 20 C.F.R. §404.1720 (2023), the Commissioner had a duty: (a) to fix a reasonable fee to compensate the Plaintiff for the services performed in connection with procuring Disability Insurance Benefits and Supplemental Security Income Benefits on behalf of the Claimants named in Exhibit 1; (b) to certify payment out of the past-due benefits awarded to such Claimants; and (c) to pay the authorized fee directly to the Plaintiff.

10. Despite this duty, the Defendant, with respect to those Claimants identified in Exhibit 1, failed to fix reasonable fees, failed to certify payment out of past-due benefits, and failed to pay authorized fees directly to the Plaintiff, as required.

11. There are no other adequate means to attain the relief sought.

WHEREFORE, the Plaintiff seeks the entry of judgment to compel the Defendant, for each Claimant listed in Exhibit 1, to fix a reasonable attorney's fee, to certify payment out of past-due benefits, and to pay authorized fees directly to the Plaintiff, and to award costs associated with this action.

Respectfully submitted,

BY:_____/s/_____
Stephen F. Shea
8730 Georgia Avenue, Suite B100
Silver Spring, MD  20910
(301)495-6665
(301)565-5111(fax)
steve.shea@sheadisability.com
Bar No. 4066